UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY M. JENKINS,

        Petitioner,

 v.                                              Case No. 09-C-361

JOHN HUSZ,

        Respondent.

**ORDER**

Barry Jenkins filed this petition pursuant to 28 U.S.C. § 2241, asserting that his continued incarceration, following the serving of his full sentence, violates state law and the Constitution. Although § 2241 proceedings are relatively rare, that section may be the appropriate vehicle in this case because Jenkins is challenging not his conviction but the execution of his sentence and the denial of parole.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.[1] During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's claims are difficult to fully comprehend. The gist of the complaint is that petitioner's mandatory release date came and went, yet he still remains in custody. In the interim there was an old gambling charge that resulted in continued custody, but that was apparently resolved in March. It appears he remains in custody on allegations of violating the provisions of his extended supervision. He further asserts that he accepted an offer of custody in a half-way house for substance abuse treatment, but nevertheless still remains at the Milwaukee Secure Detention Facility as a common prisoner. He challenges both his continued confinement as well as the requirement that he remain on electronic monitoring.

Although the claims appear to involve issues primarily of state law, and though it is not clear that petitioner has exhausted these claims through available state processes, I cannot say that the petition is meritless on its face.

Accordingly, **IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, showing cause, if any, why the writ should not issue.

---

[1] This is a "screening" order pursuant to Rule 4 of the Rules Governing Section 2254 cases. Although the petition is filed under § 2241 rather than § 2254, Rule 4 still applies by virtue of Rule 1(b): "In applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States district court." *See, e.g., Boutwell v. Keating,* 399 F.3d 1203, 1211 n. 2 (10th Cir.2005).

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   16th   day of April, 2009.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge