UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BARRY M. JENKINS,

    Petitioner,

    v.                                                                 Case No. 09-C-361

ADMINISTRATOR QUALA CHAMPAGNE
 Wisconsin Department of Corrections,

    Respondent.

## **ORDER**

On April 6, 2009, the petitioner, Barry M. Jenkins, who is proceeding pro se, filed a petition for a writ of habeas corpus. On April 17, 2009, United States District Judge William C. Griesbach conducted a preliminary review of the petition in accordance with Rule 4, Rules Governing Habeas Cases, and ordered the respondent to answer the petition or file a dispositive motion.

On May 18, 2009, the respondent filed a motion to dismiss.[1] The petitioner did not file a response to the motion and, despite repeated attempts to reach him at various mailing addresses, the court was unable to contact the petitioner. The petitioner's parole agent then provided the court with the petitioner's last known address, but advised the court that the petitioner had absconded and his whereabouts were unknown. The court issued an order granting the petitioner another opportunity to respond to the motion and sent it to his last known address. When the petitioner failed to respond to the motion, the court dismissed the

---

[1] The respondent's motion was denominated a motion for summary judgment, but this court determined that it was more properly described as a motion to dismiss and treated it as such. See Court's Order of November 29, 2009 at 2. Therefore, the court will continue to refer to the motion as a motion to dismiss.

petition for failure to prosecute on November 24, 2009. (See Court's Order of November 24, 2009, at 3).

On October 26, 2010, and November 8, 2010, the petitioner filed applications to reinstate his petition for a writ of habeas corpus. (Docket ## 24 and 25). Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court may "relieve a party . . . from a final judgment, order, or proceeding" for various reasons, including mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, because the judgment is void, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under this rule must be filed no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). In addition, the rule permits courts to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

The petitioner states his grounds for seeking reinstatement of his petition only in very limited terms. He states that "the matter is not resolved and [he] has no adequate state remedy . . .." (Petitioner's Application to Reinstate Habeas Corpus Action at 2). However, given that the court was unable to contact the petitioner and provide notice of the potential consequences for his failure to prosecute the case, and the fact that the petitioner never responded to the motion to dismiss, the court will grant the petitioner's applications and provide him an opportunity to respond.

The respondent may reinstate his motion to dismiss or file another responsive pleading. If the respondent reinstates his motion to dismiss, he may rely on the previous submissions if he so chooses. In the event the respondent reinstates his motion to dismiss or files another dispositive motion, the briefing schedule set forth herein shall apply. The petitioner is hereby notified that failure to abide by the scheduling order set forth herein may result in dismissal of

this action. The petitioner is reminded that he is required to serve a copy of all submissions in this case on counsel for the respondent.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's first application to reinstate his petition for a writ of habeas corpus be and hereby is **granted** and this case be and hereby is reopened. (Docket #24).

**IT IS ALSO ORDERED** that the petitioner's second application to reinstate his petition for a writ of habeas corpus be and hereby is **denied** as moot. (Docket #25).

**IT IS FURTHER ORDERED** that:

1. The respondent shall serve and file a responsive pleading or a motion to dismiss on or before **May 1, 2011**. If the respondent chooses to rely on his previous submissions, he must notify the court of that decision on or before **May 1, 2011**.

2. If the respondent reinstates his motion to dismiss or files another dispositive motion, the petitioner shall serve and file a responsive brief on or before **May 23, 2011.**

3. The respondent shall serve and file a reply brief by no later than **June 6, 2011**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2011.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge